# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CAROL WOJCIK,

    Plaintiff,

vs.                                            Case No. 3:19-cv-39-J-34PDB

METROPOLITAN CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court sua sponte. Upon review of Defendant Metropolitan Casualty Insurance Company's Notice of Removal (Doc. 1; Notice) and the record from the state court proceedings, which Defendant attached to the Notice, it appears that the Notice is untimely. Plaintiff originally filed this action in the Circuit Court in and for Duval County, Florida on August 17, 2018. See Complaint and Demand for Jury Trial (Doc. 1-4 at 5; Original Complaint). The docket and summons from the state court proceedings indicate that Defendant was served with the Complaint on August 29, 2018. See State Court Docket (Doc. 1-3) at 2; Notice of Service of Process (Doc. 1-4 at 14). While in state court, on September 20, 2018, Plaintiff filed an amended complaint which is the operative pleading in this action. See Amended Complaint and Demand for Jury Trial (Doc. 3;

Amended Complaint). Over three months later, on January 7, 2019, Defendant filed its Notice in this Court. See Notice at 1.

The statute governing removal procedure states, in relevant part:

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

(3) . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (3). Defendant did not file this Notice within 30 days of service of the Original Complaint.[1] Rather, Defendant contends that it was not until December 7, 2018, when Plaintiff produced copies of her medical bills in response to Defendant's request for production that Defendant had sufficient information to determine that the amount in controversy exceeds $75,000. Id. at 2-3. Accordingly, Defendant maintains that this case is timely removed pursuant to § 1446(b)(3). Id.

Significantly, in both the Original Complaint and the Amended Complaint, Plaintiff alleges that "[t]his is an action seeking damages in excess of $75,000 exclusive of costs, interest and attorney's fees." See Complaint ¶ 1 and Amended Complaint ¶ 1 (emphasis added). Defendant appears to contend that the case stated by the initial pleading was not removable because, at that time, "Plaintiff's medical bills were undetermined as the Plaintiff had undergone treatment for issues that were (and continue to be) disputed as to

---

[1] Thirty days from the date of service was Friday, September 28, 2018.

causation." See Notice at 2. However, the fact that Defendant may dispute causation as to some or all of Plaintiff's medical issues has no bearing on an evaluation of the amount in controversy. See S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014) (explaining that the amount in controversy "is less a prediction of 'how much the plaintiffs are ultimately likely to recover,' than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits" (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010))). Moreover, given Plaintiff's express allegation that she seeks damages in excess of $75,000, it appears to the Court that Defendant had sufficient information as to the amount in controversy when it received the Original Complaint. See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 n.8 (11th Cir. 1996) (explaining that a plaintiff's state court prayer specifying damages in excess of the amount-in-controversy requirement "is contrary to a plaintiff's forum-selection interests, and it is therefore proper to presume the plaintiff's presentation is an appropriate estimate") abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000); Miami Beach Yacht Corp. v. Ferro Corp., 461 F.2d 770, 771 (5th Cir. 1972) ("The general rule is that the sum claimed by the Plaintiff controls if it is apparently made in good faith.").[2]

In light of the foregoing, to the extent that Plaintiff believes removal of this action is untimely, Plaintiff may file a motion to remand the matter to the state court on or before

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**February 6, 2019.** If Plaintiff fails to file a timely motion to remand, such failure may be construed as a waiver of any right to challenge the removal of this case.[3]

**DONE AND ORDERED** at Jacksonville, Florida on January 8, 2019.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:
Counsel of Record

---

[3] A "district court may not sua sponte remand a case based upon a procedural defect. See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004) (per curiam). Accordingly, while the Court may remand sua sponte for lack of subject matter jurisdiction, the Court "must wait for a party's motion before remanding a case based on [a] procedural defect" in the removal process. Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1320-21 (11th Cir. 2001). However, a plaintiff may waive such procedural defects by failing to move to remand within thirty days of the removal. See id.; see also 28 U.S.C. § 1447(c). The requirement that removal be timely is procedural and may therefore be waived. See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) (quotation omitted) (the timeliness of removal, which "'does not go to the question of whether the case originally could have been brought in federal district court,'" is a procedural, not a jurisdictional, defect).